UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                                          :

GREGORY DIEDRICH, *doing business as*  :
*Saginaw Financial*,                                  :
                                                                          :
                                      Plaintiff,  :                 23-CV-656 (VSB)
                                                       :
               - against -                      :             **OPINION & ORDER**
                                                       :

WOLTERS KLUWER, *CCH Small Business*  :
*Solutions – TaxWise*,                        :
                                                       :
                                    Defendant.  :
-----------------------------------------------------------X

Appearances:

Gregory Diedrich
Las Vegas, NV
*Pro se Plaintiff*

Bret Harold Isenberg Ruber
Christine B. Cesare
Bryan Cave Leighton Paisner, LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Gregory Diedrich, proceeding pro se, brings this action for breach of contract against Defendant Wolters Kluwer ("Wolters") for the purported malfunction of its TaxWise software, which caused tax returns he prepared to be filed without certain required forms. Before me is Wolters's motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Because the complaint is untimely and, in any event, fails to state a claim, Wolters's motion to dismiss is GRANTED.

I.      **<u>Factual Background & Procedural History</u>**[1]

Through its subsidiary Universal Tax Systems, Inc., Wolters Kluwer sells licenses for its TaxWise software, which tax preparers use to assist them in preparing tax returns. (Doc. 1 ("Complaint" or "Compl."), Exhibit ("Ex.") A at 3; Doc. 12 ("Manuel Aff."), Ex. 1.) On December 8, 2016, Gregory Diedrich purchased a license to use TaxWise.[2] (Compl., Ex. A at 3.) Like all TaxWise users who legitimately obtain it, Diedrich's use of the software was governed by a licensing agreement (the "2016 Agreement"), which he agreed to when installing the software. (Manuel Aff., Ex. 2.)

As relevant here, Wolters "expressly disclaim[ed] any representations or warranties that [Diedrich's] use of the Products will satisfy any statutory or regulatory obligations, or will assist with, guarantee or otherwise ensure compliance with any applicable laws or regulations." (*Id.* § 7.1.3.) Moreover, Diedrich bore the "THE ENTIRE RISK AS TO THE QUALITY AND PERFORMANCE OF THE PRODUCT(S), INCLUDING ELECTRONIC FILING." (*Id.* § 8.3.) The 2016 Agreement also includes a choice-of-law provision stating that its terms should be interpreted and enforced under Illinois law.[3] (*Id.* § 9.3.) Additionally, any claim or cause of

---

[1] My account of the facts is drawn from Diedrich's Complaint and the documents it incorporates by reference, (Doc. 1), and Diedrich's briefs in opposition to Wolters's motion to dismiss, (Docs. 14, 16). *See Pahuja v. Am. Univ. of Antigua*, No. 11-cv-4607, 2012 WL 6592116, at *1 (S.D.N.Y. Dec. 18, 2012) ("[B]ecause a *pro se* plaintiff's allegations must be construed liberally [when evaluating a motion to dismiss], it is appropriate for a court to consider factual allegations made in a pro se plaintiff's opposition papers, so long as the allegations are consistent with the complaint."). I assume the allegations in the Complaint to be true in considering the motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] Although the allegations in the Complaint are inconsistent regarding whether the purported breach occurred with respect to the 2016 or 2017 tax year, the exhibits attached thereto demonstrate that the alleged breach, which resulted in the Internal Revenue Service ("IRS") fining Diedrich $287,640, concerned the 2016 tax year. (Compl., Ex. C.) Nonetheless, Diedrich signed a nearly identical Standard Product License Agreement when he purchased a license to use TaxWise for the 2017 tax year (the "2017 Agreement"). (Manuel Aff., Ex. 3.)

[3] Unlike the 2016 Agreement, the 2017 Agreement includes a New York choice-of-law provision. (Manuel Aff., Ex. 3 § 9.3.)

2

action arising out of the 2016 Agreement had to be commenced "within one year from the date such claim or cause of action first arose." (*Id.* § 9.2.)

As a tax preparer, Diedrich used the TaxWise software to prepare tax returns on behalf of others during the 2016 tax year. (Compl. ¶¶ 5, 13.) However, due to a software malfunction, TaxWise did not prompt Diedrich to attach various required forms, including Form 8867, which would have indicated to the IRS that the returns were prepared by a tax preparer. (*Id.*)

On February 28, 2019, following its audit of Diedrich, the IRS fined him $287,640 for deficient filings. (Compl., Ex. C.) Nine months later, the United States Attorney for the District of Nevada brought an action against Diedrich seeking, among other things, a permanent injunction barring Diedrich from acting as a federal tax return preparer. (Manuel Aff., Ex. 5.) On January 7, 2021, the court issued a permanent injunction barring Diedrich from preparing federal tax returns for other people. (Manuel Aff., Exs. 5, 7.)

To recover the penalties assessed by the IRS, Diedrich filed this breach-of-contract suit on January 24, 2023.[4] (Compl.) Two months later, Wolters moved to dismiss the Complaint by filing its motion, memorandum of law, and affidavit with exhibits. (Docs. 10–12.) Wolters subsequently filed a corrected memorandum of law, fixing errors in the table of contents. (Doc. 13.) In opposition to Wolters's motion, Diedrich also filed two memorandums of law, one on April 17 and one on April 20, 2023. (Docs. 14, 16.) On May 1, 2023, Wolters filed its reply in support of its motion to dismiss. (Doc. 19.)

---

[4] Although Diedrich alleges two claims for breach of contract, I consider them together because they arise from the same facts and do not allege distinct damages.

**II.     Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that, accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A complaint is not required to provide "detailed factual allegations," but must assert "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S at 555.  The facts pled "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Although the standard for dismissing a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure applies universally, "[p]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted).  Nonetheless, for a complaint "to survive a motion to dismiss, a pro se plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Pahuja v. Am. Univ. of Antigua*, No. 11-cv-4607, 2012 WL 6592116, at *5 (S.D.N.Y. Dec. 18, 2012) (internal quotations omitted).

### III.     Discussion

At the outset, Wolters argues that this suit is barred by the limitations period set for in the 2016 and 2017 Agreements.  Whether analyzed under Illinois law, as provided for in the 2016 Agreement, (Manuel Aff., Ex. 2 § 9.3), or New York law, as provided for in the 2017 Agreement, (Manuel Aff., Ex. 3 § 9.3), this suit is time barred.  Courts in both states will enforce a contractual limitations period when it is reasonable and agreed to by contract.  *See, e.g.*, *Country Preferred Ins. v. Whitehead*, 2012 IL 113365, ¶ 29 (2012) ("The parties to a contract may agree to a shortened contractual limitation period to replace a statute of limitations, so long as it is reasonable."); *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 551 (1979) (recognizing that a written "agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable").

Here, the parties contracted for a one-year limitations period for filing "any claim" relating to either Agreement.  Courts in Illinois and New York have found similar provisions reasonable, and I see no reason to take a different approach here.  *See, e.g.*, *Sears Home Appliance Showrooms, LLC v. Charlotte Outlet Store, LLC*, No. 17-cv-8478, 2018 WL 3068459, at *4 (N.D. Ill. June 21, 2018) (collecting cases where courts applying Illinois law have enforced one-year contractual limitations periods); *Corbett v. Firstline Sec., Inc.*, 687 F. Supp. 2d 124, 128 (E.D.N.Y. 2009) (collecting cases where courts applying New York law have enforced one-year contractual limitation periods).  Because the alleged breach—the software's "[f]ail[ure] to attach all proper IRS forms to the electronically produced files," (Compl. ¶ 5)—occurred during the 2016 tax season (or, at the very latest, the 2017 tax season), this suit is time barred.

Indeed, Diedrich does not contest that a one-year limitations period applies; he argues instead that this lawsuit was filed within the one-year limitations period.  In support of this

argument, Diedrich contends that his claim accrued in January 2022, when the first payment of his fine to the IRS was due. (*See* Doc. 16 at 6 ("[I] signed a new payment arrangement with the Internal Revenue Service . . . in January 2022—which is when th[e] damage by [Wolters] actually became real.").) This argument confuses the breach of contract with the damages that arose from that breach. A claim for breach of contract accrues at the time of the alleged breach, not when the non-breaching party suffers damages. *See Estate of Brown v. Arc Music Grp.*, 830 F. Supp. 2d 501, 511 (N.D. Ill. 2011) (under Illinois law, "statutes of limitations for contract actions . . . ordinarily accrue at the time of the breach, not when the party sustains damages"), *aff'd*, 523 Fed. App'x 407 (7th Cir. 2013); *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993) (under New York law, "a breach of contract cause of action accrues at the time of the breach . . . though no damage occurs until later"). Accordingly, the date of Diedrich's first payment to the IRS has nothing to do with the limitations period at issue here.

However, even if Diedrich's claim accrued when his first payment to the IRS was due—January 14, 2022—this suit would still be untimely. (Doc. 16, Ex. 7.) Diedrich filed the Complaint on January 24, 2023—one year and ten days after the first payment date. This suit is therefore time barred even under Diedrich's own theory of the case. (*See* Doc. 16 at 6 (recognizing that this suit may have been filed "very close to"—but outside—"the one[-]year statute of limitations").) Because Diedrich's claim is time barred, Wolters's motion to dismiss is GRANTED.

Even assuming this suit were timely filed, it would still fail because Diedrich has not plausibly alleged a breach of contract. The text of both the 2016 and 2017 Agreements makes clear that Wolters was not responsible for Diedrich's deficient tax filings. In both Agreements, Wolters "expressly disclaim[ed] any representations or warranties that Customer's use of the

6

Products will satisfy any statutory or regulatory obligations, or will assist with, guarantee or otherwise ensure compliance with any applicable laws or regulations." (Manuel Aff., Ex. 2 § 7.1.3; Manuel Aff., Ex. 3 § 7.1.3.)  Moreover, Diedrich bore the "THE ENTIRE RISK AS TO THE QUALITY AND PERFORMANCE OF THE PRODUCT(S), INCLUDING ELECTRONIC FILING." (Manuel Aff., Ex. 2 § 8.3; Manuel Aff., Ex. 3 § 8.3.)  Diedrich also "assume[d] the risk for . . . all liabilities disclaimed by [Universal Tax Systems, Inc. d/b/a CCH Small Firm Services] herein." (Manuel Aff., Ex. 2 § 8.4; Manuel Aff., Ex. 3 § 8.4.)  Diedrich was solely and entirely responsible for ensuring that his filings complied with IRS regulations.

      Contrary to Diedrich's assertion, there is nothing in the text of the Agreements or the manner in which they were signed to support a finding of unconscionability.  Although Diedrich characterizes his assent to the terms of the Agreements as merely pushing "another button . . . while hoping the software engages and uploads properly," (Doc. 16 at 2), such "clickwrap agreements" are enforceable, *see Whitt v. Prosper Funding LLC*, No. 15-CV-136, 2015 WL 4254062, at *1, *4 (S.D.N.Y. July 14, 2015) (finding a clickwrap agreement valid and enforceable where the website required applicants to click on a box adjacent to text noting that clicking on the box constituted acceptance of certain agreements); *F.T.C. v. Cleverlink Trading Ltd.*, No. 05-cv- 2889, 2006 WL 3106448, at *6 (N.D. Ill. Oct. 26, 2006) (same).  Accordingly, Diedrich has failed to plausibly allege a breach of contract, and Wolters's motion to dismiss the Complaint must be GRANTED.

### IV. <u>Conclusion</u>

For these reasons, Wolters's motion to dismiss the Complaint is GRANTED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 10 and close this case.

SO ORDERED.

Dated: January 25, 2024
      New York, New York

                                                      Vernon S. Broderick
                                                      United States District Judge