```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
GREGORY DIEDRICH, doing business as                        :
Saginaw Financial,                                         :
                                                           :
                                Plaintiff,                 :       23-CV-656 (VSB)
                                                           :
                - against -                                :          ORDER
                                                           :
WOLTERS KLUWER, CCH Small Business                         :
Solutions – TaxWise,                                       :
                                                           :
                                Defendant.                 :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Gregory Diedrich's complaint was dismissed pursuant to a final judgment entered by the Clerk of Court on January 25, 2024. (Doc. 22.) On March 19, 2024, Diedrich filed a notice of appeal, (Doc. 24), notwithstanding the fact that the last day to do so was February 26, 2024, Fed. R. App. P. 4(a)(1). Simultaneously, Diedrich filed a motion for an extension of time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). (Doc. 23.) Diedrich explained that he needed more time to appeal the judgment because he "ha[s] been fighting (melanoma) cancer and [he] ha[s] had severe financial hardship." (*Id.*) Defendant opposes the extension request. (Doc. 26.) Because the medical records Diedrich submitted in support of his request, (Doc. 24), do not explain "how his medical condition or treatment prevented him from timely filing a notice of appeal," I directed Diedrich to "file a reply in support of his extension request by April 30, 2024" (Doc. 28). I warned Diedrich "that failure to demonstrate 'good cause' or 'excusable neglect' will result in the denial of his motion." (*Id.*) To date, Diedrich has failed to file a reply. Because Diedrich has not demonstrated "good cause" or "excusable neglect," his motion for an extension of time is DENIED.

Under Rule 4(a)(1), a notice of appeal must be filed within thirty days after entry of the judgment appealed from, with certain exceptions that are not applicable here. *See* Fed. R. App. P. 4(a)(1). Nevertheless, Rule 4(a)(5)(A) provides that the district court may extend the time to file a notice of appeal if the party seeking to appeal (i) moves for such relief within thirty days of the date when the notice of appeal originally should have been filed, and (ii) demonstrates that the failure to meet the deadline was the result of "excusable neglect" or "good cause." Fed. R. App. P. (4)(a)(5)(A). Diedrich has met the first of these criteria because he submitted his motion within sixty days after judgment was entered. (Docs. 22, 23.)

As to the second criterion, courts have recognized that the standards for "excusable neglect" and "good cause" are "distinctly different." *Bass v. NYNEX*, No. 02-CV-5171, 2004 WL 2674633, at *2 (S.D.N.Y. Nov. 23, 2004). The good-cause standard "may be invoked where the cause for missing the deadline was entirely beyond the control of the moving party, for example, where the Postal Service fails to deliver the notice of appeal." *Myers v. N.Y.C. Hum. Rts. Comm'n*, No. 04-CV-543, 2006 WL 2053317, at *1 (S.D.N.Y. July 21, 2006). Meanwhile, excusable neglect applies in situations where there is fault *Id.*

In support of his extension request, Diedrich contends that he has been "fighting (melanoma) cancer" and has "severe financial hardship." (Doc. 23.) Even assuming that a medical condition, such as melanoma, could qualify as good cause, the good-cause standard is not satisfied here. As an initial matter, the medical records Diedrich filed do not support his assertion that he has been diagnosed with melanoma. (Doc. 24 at 8–25.) To be sure, Diedrich has suffered from other skin conditions, including other types of skin cancers. (*Id.*) However, Diedrich offers no reason, credible or otherwise, why the facts and circumstances of his illness, though most unfortunate, interfered with the simple act of filing an appeal. Nothing in the many

medical records before me suggest that Diedrich was undergoing any type of treatment, let alone one that would have impeded his ability to file a notice of appeal, between January 25, 2024 (the date I issued my Opinion & Order) and February 26, 2024 (the date Diedrich's time to appeal expired). (Docs. 22 & 23.) Nor is there any reason to believe that Diedrich lacked access to the mail during that time. Accordingly, Diedrich's failure to meet the deadline was not "entirely beyond [his] control." *See Tummino v. Hamburg*, 260 F.R.D. 27, 38 (E.D.N.Y. 2009).

Similarly, financial hardship does not qualify as good cause. *See Cano v. SEIU, Loc. 32BJ*, No. 19-CV-8810, 2023 WL 6541773, at *1 (S.D.N.Y. Sept. 5, 2023). Under the Second Circuit's Local Rules, Diedrich could have "filed a timely notice of appeal with a motion for leave to proceed in forma pauperis." *Id.*; *see also* 2d Cir. R. 12.1(c) (noting that an appellant "must pay the docketing fee" upon filing, "unless the appellant . . . is seeking . . . leave to proceed in forma pauperis"). Whether characterized as "inadvertence, mistake, or carelessness," this error plainly constitutes neglect. *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

Courts evaluating excusable neglect generally consider "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir.2003) (internal quotation marks omitted). As is the case here, the first, second, and fourth factors usually favor the moving party. *See Marion A. v. Comm'r of Soc. Sec.*, No. 17-CV-1361, 2019 WL 12476548, at *1 (N.D.N.Y. Oct. 15, 2019), *aff'd sub nom. Alexander v. Saul*, 5 F.4th 139 (2d Cir. 2021) ("In most cases, as here, the first, second, and fourth . . . factors

favor the movant." (internal quotation marks omitted)).  The delay could not have exceeded thirty days beyond the deadline to appeal or the motion would be barred altogether.  Fed. R. App. P. (4)(a)(5)(A)(i).  Since the delay is necessarily brief, the likelihood of prejudice to the non-moving party is minimal.  *Silivanch*, 333 F.3d at 366.  It is rare that the moving party has not acted in good faith, *id.*, and I see no reason to believe Plaintiff acted in bad faith here.  Nevertheless, I focus on the third factor—the reason for the delay—and decline to grant an extension because Diedrich "has simply failed to follow a straightforward rule."  *Myers*, 2006 WL 2053317, at *2.

Although plaintiff's medical and financial circumstances are regrettable, they do not, considered individually or together, rise to the level of "excusable neglect."  Diedrich medical records demonstrate that he attended medical appointments on September 6, September 27, and October 11, 2023, and March 6, 2024.  (Doc. 24 at 8–25.)  The medical appointments, however, were all outpatient visits—and the notes accompanying the appointment immediately preceding and following the docketing of the final judgment were unremarkable, noting no illness, treatment, or handicap that would have prevented him from filing an appeal.  (*Id.* at 19, 24.)  At both visits, the doctor recommended that Diedrich follow up in one year.  (*Id.*)  Additionally, while Diedrich submitted select financial records, including a notice of insufficient funds from a financial institution, (*id.* at 5, 7), these documents do not explain why Diedrich failed to file a timely notice of appeal with a request to proceed in forma pauperis.

Accordingly, the request for an extension of time is DENIED.

SO ORDERED.

Dated: May 8, 2024
      New York, New York

Vernon S. Broderick
United States District Judge